**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00714 |
| | ) | |
| ROBERT J. BLOCK, DAVID M. ZEFF, | ) | |
| FREDERICK C. FIECHTER IV, ROBERT N. | ) | |
| WEAVER, MICHELLE KNUTSON, and NORA | ) | Honorable Gary Feinerman |
| GIANNETTI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROBERT N. WEAVER'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COMES Defendant, Robert N. Weaver, by and through his attorneys, LEWIS BRISBOIS BISGAARD & SMITH, and for his Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction, states as follows:

**INTRODUCTION**

Defendant Robert N. Weaver ("Weaver") is a citizen of the State of California who resides and practices law in that State. As alleged in the Amended Complaint, Weaver served as one of Defendant Frederick C. Fiechter IV's ("Fiechter") attorneys in connection with Fiechter's attempts to collect a debt owed by Plaintiff. Plaintiff alleges that Defendant Robert J. Block ("Block"), who worked for Plaintiff in a paralegal capacity, made an offer to Weaver to sell information about Plaintiff's assets and prospects. Plaintiff further alleges Weaver then put Block in contact with another of Fiechter's attorneys, Defendant David M. Zeff ("Zeff"). Block then allegedly provided Zeff information about certain collections actions being pursued by

1

Plaintiff and other potential assets, for which Block was allegedly paid approximately $1,234. This transaction serves as the basis for all the claims raised in the Amended Complaint.

However, Plaintiff's allegations fail to allege sufficient contact with the State of Illinois to permit this Court to exercise personal jurisdiction over Weaver. He has no persistent contacts with the State of Illinois, and initiated no action directed at Illinois or purposefully sought to avail himself of this State. Plaintiff has made no allegations to the contrary, and fails to meet his burden to set forth a *prima facie* basis for this Court to assert its jurisdiction over Weaver. Further, Weaver never initiated any contact with Block, did not field Block's offer to sell Plaintiff's allegedly proprietary information, and did not put Block in contact with Zeff. Accordingly, Weaver should be dismissed from this case pursuant to F.R.C.P. 12(b)(2) for lack of personal jurisdiction.

## **FACTS RELEVANT TO MOTION**

There is no dispute that Weaver resides and practices law in the State of California. [ECF 13, ¶ 4] Weaver does not maintain any presence in the State of Illinois, and does not practice law or otherwise conduct regular business in Illinois. *See Affidavit of Robert N. Weaver*, attached hereto as **Exhibit A**, ¶¶ 3-6.

This case arises from a debt of $1.65 million Plaintiff concedes he owed to Defendant Fiechter. [ECF 13, p. 10:2-3][1] There are two unsatisfied judgments against Fiechter in California—a judgment of 1.3 million entered in 2011, and a judgement of 1.4 million entered in 2015. **Ex. A**, ¶¶ 9. Weaver served as attorney on behalf of Fiechter in multiple bankruptcy adversary proceedings against Plaintiff seeking a judgment determining the amount and

---

[1] Certain paragraphs in Plaintiff's Amended Complaint on Page 10-11 are unnumbered. Pin citation to line numbers is included for the unnumbered paragraphs, and paragraph citation will be used for all numbered paragraphs in the Amended Complaint.

dischargeability of Plaintiff's debt to Fiechter. **Ex. A**, ¶¶ 7-8. Defendant Zeff served as Feichter's attorney in his California collections action against Plaintiff. [ECF 13, ¶ 2]

Plaintiff alleges he hired Defendant Block, a disbarred Illinois attorney, in 2017 to provide paralegal services in support of his efforts to prosecute unspecified collections actions. [ECF 13, ¶¶ 57-59, 65-68] Plaintiff alleges that this strategy of prosecuting litigation *pro se* with the use of a legal ghostwriter constituted a proprietary litigation strategy for commercial debt collection. [ECF 13, ¶ 67] Plaintiff alleges on or about January 27, 2019, Block had a conversation with Weaver in which Block offered to sell "confidential and privileged information" concerning Plaintiff to Fiechter and his attorneys, and that Weaver introduced Block to Zeff. [ECF 13, ¶¶ 69-70] Block was allegedly paid approximately $1,234.00 by Zeff on behalf of Weaver in exchange for information on Plaintiff's financial assets and prospects. [ECF 13, ¶¶ 74, 78] This information was allegedly obtained to further Zeff's efforts to collect Plaintiff's debt in California, and Plaintiff further alleges this was undertaken to acquire Plaintiff's allegedly proprietary litigation strategy as a commercial debt collector. [ECF 13, ¶ 79]

These allegations of Weaver's conduct are factually incorrect. In at least one bankruptcy adversary proceeding against Plaintiff, Fiechter retained a different attorney, Craig K. Welch ("Welch"). *See Declaration of Craig K. Welch*, attached hereto as **Exhibit B**, ¶¶ 2-3.[2] Block contacted Welch, and Block's information was provided to Zeff by Welch. **Ex. B**, ¶¶ 6-8. Weaver did not initiate or solicit any communications with Block, put Block in communication with Zeff, request information pertaining to Plaintiff, make payments to Block or request

---

[2] Welch passed away in 2020. However, in a 2019 California state case between Fiechter and Plaintiff, Welch filed with the court a declaration under penalty of perjury attesting to facts relevant to Plaintiff's Amended Complaint. A true and correct copy of that declaration is attached as Exhibit B to this brief. In deciding a motion to dismiss, the district court may take judicial notice of matters of public records, including public court documents. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

3

authorization from Fiechter to do so.   **Ex. A**, ¶¶ 12-15.   Plaintiff makes no further allegations regarding the conduct of Weaver or his connection to Illinois, beyond including Weaver's name in various general and conclusory allegations reciting the elements of Plaintiff's various claims.

Additionally, in determining whether leave to replead is warranted, context regarding Plaintiff's litigation practices may prove relevant.   Specifically, Plaintiff regularly uses legal process to harass, and has been declared a vexatious litigant by the San Francisco Superior Court pursuant to the Section 391 of the California Code of Civil Procedure for abuse of process and harassing litigation.   *See* California Vexatious Litigant List Excerpt, retrieved August 2, 2022, attached hereto as **Exhibit C**.   Plaintiff has filed no less than twenty-five cases in federal and state courts throughout the country since January 2021.   A list of cases filed by Plaintiff is attached hereto as **Exhibit D**.   While Weaver was not involved in Fiechter's California collection action against Plaintiff at the time of the alleged events giving rise to Plaintiff's claims, Weaver substituted as counsel of record in that case on September 2, 2021.   **Ex. A**, ¶¶ 10-11.   Plaintiff's commencement of litigation naming Weaver as a defendant began in January 2022, when he initiated a case with these same allegations in Illinois state court before abandoning it when his petition to proceed *in forma pauperis* was denied.   *See* Circuit Court of Cook County Docket, Case No. 2022 L 000005, attached hereto as **Exhibit E**.

## ARGUMENT

Plaintiff asserts this Court has jurisdiction to hear his claims against Weaver based on a federal question as to his claim under the Defend Trade Secrets Act and diversity of citizenship, extending supplemental jurisdiction over his various state law claims.   [ECF 13, ¶¶ 12, 43, 48].   Plaintiff's allegations as to Weaver, however, fail to establish a *prima facie* case for this Court's

personal jurisdiction over Weaver. Further, his allegations regarding Weaver's actions are demonstrably factually incorrect. In considering a 12(b)(2) motion for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 203 F.3d 934, 939 (7th Cir. 2000); *Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). As Plaintiff has not and cannot meet this burden, Plaintiff's claims against Weaver warrant dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).

### I.  Plaintiff's Allegations Fail To State a *Prima Facie* Basis To Assert This Court's Personal Jurisdiction Over Defendant Weaver

In a case involving federal question jurisdiction, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020). The only federal statute under which Plaintiff brings his claims is the Defend Trade Secrets Act, 18 USCS § 1831, *et seq*. The Defend Trade Secrets Act does not authorize nationwide service of process that would confer personal jurisdiction over Weaver. *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 706 (N.D. Ill. Dec. 1, 2017). Accordingly, personal jurisdiction is not conferred by the federal question raised in the Amended Complaint, and this Court may only exercise personal jurisdiction over Weaver if personal jurisdiction would be proper in an Illinois state court. *Id.; see also Curry*, 949 F.3d at 393.

Similarly, a federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois state courts would have personal jurisdiction. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2014); *Michael J. Neuman & Assocs. v. Florabelle Flowers*, 15 F.3d 721, 724 (7th Cir. 1994). The Illinois long-arm statute permits the

exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's due process clause, such that there is no operative difference between federal and state constitutional personal jurisdiction limits. *See* 735 ILCS 5/2-209(c); *Kipp*, 783 F.3d at 697.

### A. *Plaintiff Fails To Allege Contacts Sufficient To Establish General Personal Jurisdiction In Illinois*

General personal jurisdiction exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp*, 783. F.3d at 697-98 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)). "The threshold for general personal jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

Weaver has no persistent contacts with the State of Illinois, nor have any been alleged by Plaintiff. *See* **Ex. A**, ¶¶ 4-6. He is a California citizen who resides and practices law in the State of California. *Id.*, ¶ 3. This is not disputed by Plaintiff in the Amended Complaint. [ECF 13, ¶ 4] Weaver lacks sufficient contacts with Illinois to establish general personal jurisdiction, and Plaintiff has no basis for asserting the Court has personal jurisdiction over Weaver in this regard. Accordingly, Plaintiff has failed to meet his burden to establish this court's general personal jurisdiction over Weaver, and his claims against Weaver should be dismissed pursuant to Rule 12(b)(2).

### B. *Plaintiff Fails To Allege Weaver Initiated Conduct Purposefully Directed Towards Illinois Giving Rise To Plaintiff's Alleged Injury*

Specific personal jurisdiction requires that a defendant's contacts with the forum state must directly relate to the challenged conduct, and is only appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the

privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). In the context of alleged intentional tortious conduct, such as the present case, determining whether the Court has specific personal jurisdiction turns on whether the conduct underlying the claims was purposefully directed at the forum state. *Id.*

"[T]he relationship among the defendant, the forum, and the litigation must arise out of the contacts that the 'defendant *himself*' creates with the forum state, and [] the defendant will not be 'haled into a jurisdiction solely as a result of . . . the unilateral activity of another party or third person,' rather, there must be some 'purposeful availment' by the defendant." *Curry*, 949 F.3d at 396 (quoting *Burger King*, 471 U.S. at 475)(emphasis in original). "The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being haled into court there is the crucial inquiry." *Central States, Southeast & Southwest Areas Pension Fund v. Reimber Express World Corp.*, 230 F.3d 934, 943 (7th Cit. 2000)(citation and quotations omitted).

Plaintiff has not alleged any conduct initiated by Weaver directed towards the State of Illinois, failing the first prong of this analysis. Per Plaintiff's erroneous allegations, Weaver had a conversation with Block and introduced Block to Zeff. [ECF 13, ¶¶ 69-70] Block's offer was to sell information about Plaintiff to Fiechter and his attorneys. *Id.* Block allegedly proceeded to sell certain information to Zeff in exchange for approximately $1,234.00. [ECF 13, ¶¶ 74, 78] None of this alleges conduct undertaken by Weaver and directed towards the State of Illinois. Personal jurisdiction cannot be extended to a defendant based on "the unilateral activity of another party or third person [absent] some purposeful availment by the defendant." *Curry*, 949

7

F.3d at 396 (internal quotations omitted). Even if the Court were to find the alleged acts of Zeff and Block were directed towards the State of Illinois, these were not the actions of Weaver and cannot be used to assert Illinois jurisdiction over him.

Further, Plaintiff's Amended Complaint fails to meet the second prong of this test, as the allegations do not assert a factual nexus between Plaintiff's alleged injuries and any forum-related activities by Weaver. Per Plaintiff's allegations, the alleged arrangement between Block and Zeff, and Weaver's alleged facilitation of same, was in the furtherance of efforts to collect Plaintiff's debt to Fiechter in their California collections action, and in some generalized attempt to obtain Plaintiff's allegedly proprietary litigation strategy as a commercial debt collector. [ECF 13, ¶ 79] Furtherance of a collections action in California, or an attempt to acquire Plaintiff's nationally applicable collections strategy, are not actions that have a relationship with Illinois or injuries specific to Illinois. As already noted, "[a] generalized foreseeability of a defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction." *Central States*, 230 F.3d at 943. Plaintiff thus fails to allege any acts directed towards the State of Illinois, and fails to allege grounds for this Court to exercise specific jurisdiction over Weaver. Accordingly, Plaintiff's claims against Weaver warrant dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(2).

## II. **Plaintiff's Allegations As To Weaver's Conduct Are Factually Incorrect**

While the failure to allege Weaver initiated any contact with Illinois giving rise to Plaintiff's alleged injuries is sufficient to warrant dismissal for lack of personal jurisdiction, as noted in the Affidavit of Robert N. Weaver, Plaintiff's allegations of Weaver's actions are simply incorrect. **Ex. A**. "[T]he plaintiff bears the burden of establishing personal jurisdiction." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Where, as here, the defendant challenges

alleged facts by affidavit and submits evidence opposing the exercise of personal jurisdiction, the plaintiff must submit affirmative evidence supporting the court's exercise of jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

As set forth in his affidavit, Weaver did not speak to or otherwise initiate any communication with Block, and did not introduce Block to Zeff. **Ex. A**, ¶¶ 12-13. As stated in the Declaration of Craig K. Welch, filed in the of *Frederick C. Fiechter v. Carl Wescott* in the Superior Court for the State of California, County of San Francisco, the attorney who spoke with Block and provided Zeff with information about Block's alleged offer was Craig Welch. **Ex. B**, ¶¶ 6-8. Plaintiff knows or has reason to know this already, given he was a party to that case, and has no basis to continue to assert this Court has jurisdiction over Weaver based on his erroneous allegations.

Plaintiff has pursued this litigation against Weaver despite having little to allege and reason to know his allegations are mistaken. At best Plaintiff's allegations are based on a personal confusion between the similarity of names between "Welch" and "Weaver" bolstered by the fact that both appeared in Bankruptcy Courts and represented Mr. Fiechter. An obvious mistake, whether innocent or not, is not a basis for jurisdiction over Weaver.

Plaintiff has been declared a vexatious litigant by the San Francisco Superior Court pursuant to the Section 391 of the California Code of Civil Procedure for abuse of process and harassing litigation. **Ex. C**. While *pro se* pleadings are liberally construed, the context of Plaintiff's claims against Weaver is that of a debtor using legal process to harass his creditor and creditor's attorneys, and Plaintiff's claims against Weaver warrant dismissal with prejudice.

Plaintiff's allegations of Weaver's conduct are insufficient to establish jurisdiction on their face, and are demonstrably false. Plaintiff must provide affirmative evidence in support of his allegations to meet his burden. Plaintiff cannot do so, and the allegations against Weaver warrant dismissal with prejudice pursuant to Rule 12(b)(2).

WHEREFORE, for all of the above-stated reasons, Defendant Robert N. Weaver respectfully request that this Honorable Court dismiss his from Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and grant any such other relief as this Court deems reasonable and just.

Respectfully submitted,
**ROBERT N. WEAVER**

By:    /s/ Anthony G. Barone
       One of his Attorneys

Anthony G. Barone
Zachary J. McGourty
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W Adams St., Suite 300
Chicago, IL 60661
Phone:  312-463-3481
Fax:      312-345-1776
anthony.barone@lewisbrisbois.com
zachary.mcgourty@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I filed Defendant Robert N. Weaver's Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction through the Court's CM/ECF system, which will cause electronic notification of this filing to be sent out to all counsel of record on August 3, 2022.

By:    /s/ Zachary J. McGourty
            Zachary J. McGourty

Anthony G. Barone (#6196315)
Zachary J. McGourty (#6331439)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W Adams St., Suite 300
Chicago, IL 60661
Phone: 312-463-3481
Fax:     312-345-1776
anthony.barone@lewisbrisbois.com
zachary.mcgourty@lewisbrisbois.com

11

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00714 |
| | ) | |
| ROBERT J. BLOCK, DAVID M. ZEFF, | ) | |
| FREDERICK C. FIECHTER IV, ROBERT N. | ) | |
| WEAVER, MICHELLE KNUTSON, and NORA | ) | Honorable Gary Feinerman |
| GIANNETTI, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ROBERT N. WEAVER IN SUPPORT OF HIS MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Affiant, ROBERT N. WEAVER, under oath and upon penalties of perjury, and in support of Defendant Robert N. Weaver's Motion to Dismiss for Lack of Personal Jurisdiction, states as follows:

1.      I have personal knowledge of the facts contained herein.

2.      If called as a witness I could competently testify consistently to the following from personal knowledge.

3.      I am a citizen of the State of California, and reside and practice law in that State.

4.      I do not reside in or maintain an office in the State of Illinois, am not licensed to practice law in that State.

5.      I do not solicit clients from or direct advertisements for my services to the State of Illinois.

6.      I do not conduct regular business in the State of Illinois.

**EXHIBIT A**

7.     I have represented Frederick C. Fiechter IV ("Fiechter") in multiple bankruptcy case adversary proceedings against Carl A. Wescott ("Wescott").

8.     In my representation of Fiechter, I have attempted to secure judgments against Wescott determining the amount and dischargeability of his debt to Fiechter.

9.     Fiechter has two unsatisfied judgments against Wescott.  In San Francisco Superior Court case no. CGC-10-496091 judgment was entered on July 14, 2015 in the amount of $1,490,032.31.  In San Francisco Superior Court case no. CGC judgment was entered on September 6, 2011 in the amount of $1,305,058.

10.     Prior to September 2, 2021 I was not attorney of record for any cases on behalf of Fiechter save and except matters in the Bankruptcy Court relating to claims against the debtor Wescott and a determination of dischargeability of those claims.

11.     On September 2, 2021, on the retirement from the practice of law by David M. Zeff ("Zeff"), I substituted in San Francisco Superior Court case no. CGC-10-496091 only.  It is my understanding that the claims of Wescott for interference and interactions with Robert Block all occurred, if at all, prior to my substitution as an attorney of record in the collection cases.

12.     I have never spoken with Robert J. Block ("Block"), and I did not initiate or solicit any communication with him.

13.     I did not introduce, direct, refer, or otherwise put Block in contact with, Zeff or any other of Fiechter's attorneys.

14.     I did not request Block provide information regarding Wescott, did not make payment or direct payment be made to Block for information, and did not request authorization for payment to Block for information.

2

15.     To the best of my knowledge, Block initially contacted another of Fiechter's attorneys, Craig K. Welch ("Welch"), and was put in contact with Zeff by Welch.

Under penalties of perjury as provided by law, I, Robert N. Weaver, do hereby swear that the above is true to the best of my knowledge, and further affiant sayeth not.

Date: 8/2/2022

_____
Robert N. Weaver

Anthony G. Barone
Lewis, Brisbois, Bisgaard & Smith, LLP
550 W Adams St, Suite 300
Chicago, IL 60661
312-463-3469
Anthony.Barone@lewisbrisbois.com

3

1  David M. Zeff (SB# 63289)
   **Law Offices Of David M. Zeff**
2  **1100 Larkspur Landing Circle, Suite 350**
   **Larkspur, CA 94939**
3  **Tel: (415) 923-1380**
   **Fax: (415) 923-1382**
4  **dmz@zefflaw.com**

5  **Attorneys for Plaintiff**
   **FREDERICK C. FIECHTER**

6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**10/18/2019**
**Clerk of the Court**
BY: RONNIE OTERO
**Deputy Clerk**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN FRANCISCO**

10                         **UNLIMITED CIVIL CASE**

11  **FREDERICK C. FIECHTER, an**       ) **Case No.: CGC-10-496091**
    **Individual**                      )
12                                      ) **DECLARATION OF CRAIG K.**
                    **Plaintiff,**      ) **WELCH IN SUPPORT OF MOTION**
13                                      ) **FOR ASSIGNMENT AND CHARGING**
          **v.**                        ) **ORDERS**
14                                      )
                                        ) **Date:  November 15, 2019**
15  **CARL WESCOTT, an individual, et al.,** ) **Time:  9:30 a.m.**
                                        ) **Dept.:  302, Law & Motion**
16              **Defendants.**         ) **Action Filed:   January 15, 2010**
                                        ) **Judgment Entered July 15, 2016**
17                                      )
                                        ) **Reservation No. 010151115-14**
18  _____ )

19

20       I, Craig K. Welch, declare:

21       1.       I am an attorney licensed to practice in the State of California.

22       2.       Carl Alexander Wescott (hereinafter "Wescott") filed a Chapter 7

23  bankruptcy on November 14, 2016, case number 16-10975.

24       3.       On September 26, 2018, I filed an adversary proceeding in the Wescott

25  bankruptcy case entitled "Frederick C. Fiechter v. Carl Alexander Wescott ", number 18-

26  01031- HLB (the "Adversary Proceeding"), seeking a judgment determining the amount

27  and dischargeability of the debts owed by Wescott to Frederick C. Fiechter ("Fiechter").

28       4.       The debts subject to the adversary proceeding referred to above were the

| Page 1 of 2 | **DECLARATION OF CRAIG K. WELCH IN SUPPORT OF MOTION FOR ASSIGNMENT AND CHARGING ORDERS** | *Law Offices of David M. Zeff*<br>*1100 Larkspur Landing Cir. #350*<br>*Larkspur, CA 94939*<br>*Tel: 415 923 1380* |
|---|---|---|

**EXHIBIT B**

following Judgments:

*Fiechter v. Wescott*, SF Sup. Ct No. CPF 11 511547, Judgment entered:

September 6, 2011, renewed 8.28.2015 (Nevada Sister State Judgment).

*Fiechter v. Westcott*, SF Sup. Ct No. CGC-10-496091, Judgment entered: July 14,

2015

5.       On January 16, 2019, a judgment was entered in the Adversary Proceeding declaring that the debts owed by Wescott to Fiechter were not discharged and are not dischargeable in any bankruptcy proceeding.

6.       On or about January 8, 2019, I received a telephone message from a person who did not identify himself by name, but left his phone number and stated that he knew Carl Wescott and knew about various assets owned by Wescott that might be available to satisfy Feichter's judgment.

7.       On January 9, 2019, I returned the phone call. The person who answered identified himself as "Bob Block". He told me that he lives on the north side of Chicago and that he had been ghost writing for Carl Wescott, but Wescott "screwed" him.  He wanted to give me information regarding Wescott's assets, including some receivables due to Wescott.  The one he mentioned in particular was an investment in a cannabis fund.  He implied he knew about other assets.  He did not say why he wanted to help other than he dislikes Wescott. He also said Wescott's erratic behavior is probably the result of a crystal meth problem. I told him either I or another attorney would be in contact.  I had no reason to trust him or to distrust him. His call was totally unexpected.

8.       A week later I obtained the judgment in the Adversary proceeding. I gave the information regarding Bob Block's phone call over to collection counsel.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed at Petaluma, California on September 2, 2019.

Craig K. Welch

| Page 2 of 2 | **DECLARATION OF CRAIG K. WELCH IN SUPPORT OF TRO AND MOTION FOR ASSIGNMENT AND CHARGING ORDERS** | *Law Offices of David M. Zeff* <br> *1100 Larkspur Landing Cir. #350* <br> *Larkspur, CA 94939* <br> *Tel: 415 923 1380* |

VEXATIOUS LITIGANT LIST
From Prefiling Orders Received from California Courts
Prepared and Maintained by the Judicial Council of California
(Orders prohibiting future filings entered through July 1, 2022)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| WEINER | Lawrence | | Marin Superior Court | 153501 | 08/06/92 | |
| WEINER | Lawrence | | Marin Superior Court | CV085041 | 11/10/08 | |
| WEISS | Michael | | Orange County Superior Court | 30200900331535-PR-PW-CJC | 08/16/17 | |
| WEISS | Valerie | S. | San Diego Superior Court | 695486 | 03/12/96 | |
| WEITZMAN | Arin | Karol | Alameda Superior Court | RG08417951 | 01/27/09 | |
| WELCH (J-07488) | Eugene | Everett | Amador Superior Court | 09CV5842 | 10/15/10 | |
| WELCH | Martha | M. | San Diego Superior Court | 37201700007841CUCRCTL | 12/19/17 | |
| WELCH-BROWN | Gaye | | Sacramento Superior Court | 07AS01921 | 10/22/07 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL983906 | 03/30/00 | |
| WELLS | Dale | Scott | Sonoma Superior Court | SFL951401 | 03/30/00 | |
| WELLS | Frank | | Los Angeles Superior Court | BC518694 | 07/17/14 | |
| WELLS | Lorraine | Althea | Los Angeles (Beverly Hills) Muni | 97U00788 | 10/30/98 | |
| WELLS | William | G. | Court of Appeal, 2nd Dist, Div 2 | B235019 | 12/12/12 | |
| WELSH | Joyce | L. | Contra Costa Superior Court | D0500622 | 05/17/07 | Order states specifics. |
| WELSH | Michael | | Los Angeles Superior Court | EC10390 | 01/06/93 | |
| WESCOTT | Carl | A. | San Francisco Superior Court | FDI14781666 | 05/01/17 | |
| WEST | Anthony | E. | Los Angeles Superior Court | BC714698 | 09/26/19 | |
| WESTIN | Bruce | | Los Angeles Superior Court | YC053041 | 01/22/07 | |
| WESTOVER | Heather | D. | El Dorado Superior Court | SC 20140146 | 11/09/15 | |
| WETZEL | John | Louis | Los Angeles Superior Court | LC018140 | 01/19/93 | |
| WHEELER | John | Frederick | Kern Superior Court | S1500CV264196 | 03/30/09 | |
| WHEELER | Lorenzo | | Los Angeles Superior Court | LC100357 | 04/17/14 | |
| WHITAKER | Fred | A. | Alameda Superior Court | 6873200 | 11/22/91 | |
| WHITAKER | Fred | A. | Court of Appeal, 1st Dist, Div 4 | A057347 | 05/06/92 | |
| WHITE | Arin | | Butte Superior Court | FL041159 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL040850 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL041076 | 01/26/12 | |
| WHITE | Arin | | Butte Superior Court | FL039776 | 01/26/12 | |
| WHITE | David | A. | San Diego Superior Court | 723310 | 01/15/99 | |
| WHITE | Elizabeth | | San Mateo Superior Court | 17CIV01240 | 06/27/17 | Grimsley, aka Elizabeth Curry |
| WHITE | Zeddrick | F. | Los Angeles Superior Court | BC394125 | 11/25/08 | |
| WHITECLOUD | Russell | | San Diego Superior Court | GIC844015 | 04/11/06 | |
| WHITECLOUD | Russell | | San Diego Superior Court | GIC859968 | 04/04/06 | |
| WHITECLOUD III | Russell | | San Diego Superior Court | GIC859968 | 04/04/06 | |
| WHITFIELD | Michael | | Fresno Superior Court | 02CECG01570 | 12/23/09 | aka Michael Monroe |
| WHITFIELD III | Robert | O. | Los Angeles Superior Court | BC694930 | 08/22/18 | aka Robert Overtus Whitfield, III |
| WHITLOCK | Sabrina | | Alameda Superior Court | RG12646293 | 09/28/12 | |
| WHITTEN | Lara | | Court of Appeal, 2nd Dist, Div 8 | B300715 | 02/13/20 | |
| WHITTY | Frank | | San Diego Superior Court | GIC789369 | 08/01/14 | |
| WHITTY | Tazu | | San Diego Superior Court | GIC789369 | 08/01/14 | |
| WICKMAN | Karen | | Fresno Superior Court | 17CECG00045 | 09/12/17 | |
| WILCOX | Dael | | San Bernardino Superior Court | CIVDS910718 | 08/13/09 | |
| WILCOX | Dael | | Placer Superior Court | SSP0626 | 04/07/21 | |
| WILKERSON (CDC#CO8082) | James | Ray | Lassen Superior Court | 42621 | 06/07/10 | (aka Adonai El-Shaddai) |
| WILLIAMS | Alvin | E. | Los Angeles Superior Court | PC056141 | 05/05/15 | |
| WILLIAMS | Bruce | C. | Santa Clara Superior Court | 21CV386099 | 01/18/22 | |
| WILLIAMS | Carroll | Dean | Ventura Superior Court | D149815 | 02/19/91 | |
| WILLIAMS | Carroll | Dean | Ventura Superior Court | 116826 | 08/25/92 | |

**EXHIBIT C**

**Known Cases Initiated By Carl A. Wescott Since 1/1/21**

| Case Number | Case Name | Court | Filing Date |
|---|---|---|---|
| 1:21-cv-00040 | Wescott v. Global Accelerator Network, LLC et al. | Colorado District Court | 01/07/2021 |
| 3:21-cv-00319 | Wescott v. Martin et al. | Florida Middle District Court | 03/22/2021 |
| 3:21-cv-00318 | Wescott v. Simonetta | Florida Middle District Court | 03/22/2021 |
| 1:21-cv-00462 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al. | Delaware District Court | 03/29/2021 |
| 2021 L 009246 | WESCOTT vs. BOTT, MIKE | Circuit Court of Cook County, Illinois | 09/17/2021 |
| 2021 L 009244 | WESCOTT -vs- BLOCK and SHEARER | Circuit Court of Cook County, Illinois | 09/17/2021 |
| 21 CV 389516 | Carl Wescott v. Chris Leo et al. | Superior Court of Santa Clara County, California | 10/28/2021 |
| 21 CV 392710 | Carl Wescott v. Yessica Cai et al. | Superior Court of Santa Clara County, California | 11/08/2021 |
| 3:21-cv-09200 | Wescott v. SparkLabs IoT Accelerator Fund, L.P. et al. | California Northern District Court | 11/29/2021 |
| 2:21-cv-09975 | Carl A. Wescott v. Alex Kaay et al. | California Central District Court | 12/27/2021 |
| 3:21-cv-10011 | Wescott v. Daniel et al. | California Northern District Court | 12/28/2021 |
| 2022 L 000006 | WESCOTT v. First American | Circuit Court of Cook County, Illinois | 01/03/2022 |
| 2022 L 000005 | WESCOTT v. BLOCK et al. | Circuit Court of Cook County, Illinois | 01/03/2022 |
| 2022 L 000004 | WESCOTT v. United, Lufthansa et al. | Circuit Court of Cook County, Illinois | 01/03/2022 |
| 3:22-cv-00067 | Wescott v. Beresford Corporation et al. | California Northern District Court | 01/05/2022 |
| 3:22-cv-00070 | Wescott v. Matusow et al. | California Northern District Court | 01/05/2022 |
| 1:22-cv-00442 | Wescott v. United Airlines et al. | Illinois Northern District Court | 01/21/2022 |
| 1:22-cv-00399 | Wescott v. First American Financial Corporation et al. | Illinois Northern District Court | 01/24/2022 |
| 2:22-cv-00179 | (PS) Wescott v. Yee | California Eastern District Court | 01/27/2022 |
| 4:22-cv-00543 | Wescott v. Block | California Northern District Court | 01/27/2022 |
| 2:22-cv-00677 | Carl A. Wescott v. Kathy Fettke et al. | California Central District Court | 01/28/2022 |

**EXHIBIT D**

| | | | |
|---|---|---|---|
| 1:22-cv-00714 | Wescott v. Block et al. | Illinois Northern District Court | 02/08/2022 |
| 22 CV 394769 | Carl Wescott v. Lina Romashkova et al. | Superior Court of Santa Clara County, California | 03/01/2022 |
| 2:2022cv01615 | Carl A. Wescott v. Jessica Jackley et al. | California Central District Court | 03/09/2022 |
| 3:22-cv-04288 | Carl A. Wescott v. Frederick C. Fiechter IV, David M. Zeff, Robert N. Weaver | California Northern District Court | 07/25/2022 |



| Case Information Summary for Case Number |
|---|
| 2022-L-000005 |

Filing Date: 01/03/2022

Case Type: Intentional Tort - Jury

Division: Law Division

District: First Municipal

Ad Damnum: $0.00

Calendar: F

## Party Information

| **Plaintiff(s)** | | **Attorney(s)** |
|---|---|---|
| Wescott, Carl A | | PRO SE |
| **Defendant(s)** | **Defendant Date of Service** | **Attorney(s)** |
| Block, Robert J | | PRO SE |
| Fiechter, Frederick C | | PRO SE |
| Kuntson, Michella | | PRO SE |
| Weaver Esq, Robert N | | PRO SE |
| Zeff Esq, David M | | PRO SE |

## Case Activity

Activity Date: 01/03/2022          Participant: Wescott, Carl A

Intentional Tort Complaint Filed (Jury Demand)

Activity Date: 01/03/2022          Participant: Wescott, Carl A

298 Petition Filed-Plaintiff/Petitioner

Activity Date: 01/07/2022          Participant: Wescott, Carl A

298 Petition Plaintiff/Petitioner-Denied

Judge: SOLGANICK, IRWIN J.

Activity Date: 02/17/2022          Participant:

Postcard Generated

Activity Date: 02/25/2022          Participant:

Postcard Generated

**EXHIBIT E**

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.