UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| CARL A. WESCOTT, )<br>)<br>   Plaintiff )<br>)<br>   v. )<br>)<br>ROBERT J. BLOCK, DAVID M. ZEFF, )<br>FREDERICK C. FIECHTER IV, ROBERT N. )<br>WEAVER, MICHELLE KNUTSON, and NORA )<br>GIANNETTI, )<br>)<br>   Defendants. ) | Case No. 1:22-cv-00714<br><br>Honorable Edmond E. Chang |

**DEFENDANT DAVID ZEFF'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION, FOR FAILURE TO STATE
A CLAIM, AND UNDER THE CALIFORNIA ANTI-SLAPP STATUTE**

NOW COMES Defendant, David M. Zeff ("Zeff"), by and through his attorney, David M. Jenkins of The Jenkins Law Group, P.C., and hereby moves this Honorable Court pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for the entry of an order dismissing Plaintiff's Amended Complaint [ECF 13], stating as follows:

1. On January 16, 2023, pursuant to the Honorable Edmond E. Chang's Case Management Procedures governing Motion Practice, counsel for Defendant Zeff emailed Plaintiff, who is proceeding *pro se*, advising him of the nature of this motion and asking whether he has any opposition to the motion. As of the time of filing this motion, Plaintiff has not responded.

2. Plaintiff's Amended Complaint should be dismissed based on three primary, but equally compelling and independent, reasons. First, the Amended Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction as to Defendant Zeff. Zeff did not have sufficient contact with the State of Illinois to permit this Court to exercise personal jurisdiction over him. Zeff has no significant, persistent contacts with Illinois, and he did not purposefully seek to avail himself of the privileges of doing business in Illinois.

3. Second, Plaintiff fails to state a claim for which relief can be granted. Plaintiff's claims fail as a matter of law on at least four independent grounds: (1) Plaintiff fails to allege a legally cognizable claim under the Defend Trade Secrets Act in Count I, for aiding and abetting a breach of fiduciary duty in Count III, for interference with contract in Count IV, or for "unfair competition" in Count V; (2) the litigation privilege serves as an absolute bar to all of Plaintiff's state law claims in Counts III through V; (3) Plaintiff's state law claims are all barred by the applicable statute of limitations; and (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code §1714.10 relating to claim alleging an attorney's supposed conspiracy with a client.

4. Third, California's anti-SLAPP[1] statute, California Code of Civil Procedure §425.16, bars Plaintiff's state law claims in Counts III through V because they are premised on attorney Zeff's protected litigation conduct against Plaintiff. In this regard, Plaintiff seeks to hold attorney Zeff liable for actions taken in connection with his representation of his client in litigation adverse to Plaintiff, activity that is directly and unequivocally protected by California's anti-SLAPP statute, which protects against harassing lawsuits such as Plaintiff's which are designed to chill the exercise of constitutional rights. Claims premised upon an attorney or litigant's litigation conduct fall under the purview of the anti-SLAPP statute.

5. In further support of this motion, Zeff submits an accompanying Memorandum of Law.

WHEREFORE, Defendant David M. Zeff respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and without leave to amend.

---

[1] The acronym for "strategic litigation against public participation."

Respectfully submitted,

**DEFENDANT DAVID M. ZEFF,**

By:    /s/ David M. Jenkins
           One of His Attorneys

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

## **CERTIFICATE OF SERVICE**

     I, the undersigned, certify that I filed the attached ***Defendant David M. Zeff's Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to State a Claim, and Under the California Anti-SLAPP Statute,*** using the Court's CM/ECF filing system, which will cause electronic notification of this filing to be sent to all counsel of record, on January 18, 2023.

By:    /s/ David M. Jenkins
           David M. Jenkins

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com