## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00714 |
| | ) | |
| ROBERT J. BLOCK, DAVID M. ZEFF, | ) | Honorable Edmond E. Chang |
| FREDERICK C. FIECHTER IV, ROBERT N. | ) | |
| WEAVER, MICHELLE KNUTSON, and NORA | ) | |
| GIANNETTI, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT DAVID ZEFF'S MOTION FOR LEAVE TO FILE A
### MEMORANDUM OF LAW IN EXCESS OF FIFTEEN PAGES INSTANTER

NOW COMES Defendant, David M. Zeff ("Zeff"), by and through his attorney, **David M. Jenkins of The Jenkins Law Group, P.C.,** and hereby moves this Honorable Court pursuant to Local Rule 7.1 for the entry of an order granting Defendant Zeff leave to file a Memorandum of Law in Support of His Motion to Dismiss in excess of fifteen pages, *instanter*. A copy of the proposed Memorandum of Law (without Exhibits) is attached. In support, Zeff states as follows:

1.      On January 16, 2023, pursuant to the Honorable Edmond E. Chang's Case Management Procedures governing Motion Practice, counsel for Defendant Zeff emailed Plaintiff, who is proceeding *pro se*, advising him of the nature of this motion and asking whether he has any opposition to the motion. As of the time of filing this motion, Plaintiff has not responded.

2.      Plaintiff has filed an Amended Complaint that is 26 pages and 133 paragraphs in length, with four of the five Counts being directed against Defendant Zeff.

3.      Simultaneously with this motion, Defendant Zeff is filing a Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to State a Claim, and Under the California Anti-SLAPP[1]

---

[1] The acronym for "strategic litigation against public participation."

Statute, pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Zeff's Motion to Dismiss raises numerous grounds for dismissal and, in fact, presents what are essentially three independent motions:

      a.     Zeff seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction;

      b.     Zeff asserts four independent grounds for dismissal under Rule 12(b)(6), including multiple sub-arguments: (1) failure to state a claim as to each of the four causes of action; (2) the existence of a litigation privilege that serves as an absolute bar to all of Plaintiff's state law claims; (3) the statute of limitations, and (4) California Code §1714.10 bars Plaintiff's claims; and

      c.     Zeff seeks dismissal under California's anti-SLAPP statute (California Code of Civil Procedure §425.16), which bars the state law claims because they are premised on an attorney's protected litigation conduct.

    4.     Zeff's counsel has attempted to make those arguments as judiciously as possible, but despite his diligent efforts to be concise, he was unable to craft a brief within the fifteen-page limit prescribed by Local Rule 7.1. Instead, the Memorandum of Law is 23 pages.

    5.     Zeff's counsel does not believe he can remove anything from the brief without detracting from its effectiveness or removing essential facts or arguments, especially based on the number of grounds for dismissal that are addressed and the complexity of many of the arguments and issues, including multiple choice-of-law discussions. To fully present the foregoing arguments, it was not only necessary for counsel to address the various legal theories, but it was also necessary to resolve a number of issues regarding the choice of law applicable to multiple claims and issues, as well to explain Zeff's right to raise the California anti-SLAPP motion in federal court.

    WHEREFORE, Defendant David M. Zeff respectfully requests that this Honorable Court grant him leave to file the proposed Memorandum of Law in Support of His Motion to Dismiss that is attached to this motion, which is in excess of fifteen pages, *instanter*.

Respectfully submitted,

**DEFENDANT DAVID M. ZEFF,**

By:      /s/ David M. Jenkins
          One of His Attorneys

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, certify that I filed the attached ***Defendant David M. Zeff's Motion to for Leave to File a Memorandum of Law In Excess Of Fifteen Pages Instanter,*** using the Court's CM/ECF filing system, which will cause electronic notification of this filing to be sent to all counsel of record, on January 18, 2023.

By:      /s/ David M. Jenkins
          David M. Jenkins

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00714 |
| | ) | |
| ROBERT J. BLOCK, DAVID M. ZEFF, | ) | Honorable Edmond E. Chang |
| FREDERICK C. FIECHTER IV, ROBERT N. | ) | |
| WEAVER, MICHELLE KNUTSON, and NORA | ) | |
| GIANNETTI, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DAVID ZEFF'S MEMORANDUM
## OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

EXHIBIT A

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................1

BACKGROUND FACTS ...............................................................................2

ARGUMENT .................................................................................................3

   **I.**  **PLAINTIFF CANNOT ESTABLISH ANY BASIS TO ASSERT PERSONAL JURISDICTION OVER DEFENDANT ZEFF IN ILLINOIS** .......................................................3

     *A.*  *Plaintiff Cannot Establish General Personal Jurisdiction In Illinois* .......................5

     *B.*  *Zeff Did Not Purposefully Direct Conduct Towards Illinois Which Gave Rise To Plaintiff's Alleged Injury And The Exercise Of Jurisdiction Would Violate Notions Of Fair Play And Substantial Justice* .........................5

   **II.**  **PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST ZEFF** ........................................10

     *A.*  *Counts I and V Fail To Allege A Viable Claim Against Zeff* ...................................10

        **1.**  **Count I Fails To State A Defend Trade Secrets Act Claim** ...........................10

        **2.**  **Count V Fails To State An Unfair Competition Claim** ...................12

        **3.**  **Counts III and IV Fail Because Block Was A Disbarred Lawyer** .................13

     *B.*  *The Litigation Privilege Serves As An Absolute Bar to Plaintiff's Claims* ............14

     *C.*  *Plaintiff's Claims Are Barred By The Statute Of Limitations* ...............................15

     *D.*  *Plaintiff's Claims Are Barred By California Code Section 1714.10* .......................17

   **III.**  **PLAINTIFF'S STATE LAW CLAIMS AGAINST ZEFF IN COUNTS III THROUGH V ARE BARRED BY CALIFORNIA'S ANTI-SLAPP STATUTE** ..18

     *A.*  *California's Anti-SLAPP Statute Applies To Plaintiff's Claims In This Court* ......18

     *B.*  *Zeff Has Met His Burden Under California's Statute* ...............................................19

     *C.*  *Plaintiff Cannot Establish A Reasonable Probability Of Success On His Claims* ..22

     **CONCLUSION** .............................................................................................23

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Abrasic 90, Inc. v. Weldcote Metals, Inc.*, 364 F.Supp.3d 888 (N.D. Ill. 2019) ............................ 11

*Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520 (7th Cir. 2018) ................................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 11

*Auto Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543 (7th Cir. 2009) .............................. 10

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).................................................................. 5, 6, 7

*Calder v. Jones*, 465 U.S. 783 (1984)............................................................................................ 6

*Carpenter v. Aspen Search Advisors, LLC*, 10 C 6823,
2011 WL 1297733 (N.D. Ill. Apr. 5, 2011).................................................................................. 11

*Central States, S.E. & S.W. Areas Pension Fund v.
Reimer Express World Corp.*, 203 F.3d 934 (7th Cir. 2000) ...................................................... 6

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) ................................. 12

*Chi v. Loyola Univ. Med. Ctr.*, 787 F.Supp.2d 797 (N.D. Ill. 2011) ........................................... 18, 19

*Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263 (7th Cir. 1992) ...................... 11

*Cork v. CC-Palo Alto, Inc.*, 534 F.Supp.3d 1156 (N.D. Cal. 2021) .......................................... 13

*Curry v. Revolution Labs., LLC*, 949 F.3d 385 (7th Cir. 2020).................................................... 4, 6

*Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) ............................................................................ 6

*Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) ........................................................................ 6

*Flores v. Emerich & Fike*, 416 F.Supp.2d 885 (E.D. Cal. 2006) ................................................ 14

*Global Relief Foundation v. New York Times Co.*, No. 01 C 8821,
2002 WL 31045394 (N.D. Ill. Sept. 11, 2002)............................................................................ 19

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
63 F.Supp.2d 1127 (N.D. Cal. 1999)........................................................................................... 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................................. 4, 5

*Henson v. CSC Credit Servs.*, 29 F.3d 280 (1994) ...................................................................... 16

*Horizon Matrix, LLC v. Whalehaven Capital Fund, Ltd.*, No. 11 C 2655,
2012 WL 379601 (N.D. Ill. Feb. 3, 2012) ................................................................................... 9

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002)............................................................. 4

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)........................................................ 4, 8

*Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695 (7th Cir. 2014) ......................................... 4, 5

*Labtest Intern., Inc. v. Centre Testing Intern. Corp.*, 766 F.Supp.2d 854 (N.D. Ill. 2011)............. 9

*LKQ Corp. v. Kia Am., Inc.*, 21 C 3166, 2022 WL 1092119 (N.D. Ill. Apr. 12, 2022)....................9

*Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F.Supp.3d 691 (N.D. Ill. 2017) ................4

*New World Int'l, Inc. v. Ford Global Tech., LLC*, 859 F.3d 1032 (7th Cir. 2017) ........................9

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) ....................4

*Richter v. INSTAR Enters. Int'l, Inc.*, 594 F.Supp.2d 1000 (N.D. Ill. 2009)....................................8

*Switchboard Apparatus, Inc. v. Wolfram*, 21 C 1665,
2022 WL 1591732, (N.D. Ill. May 19, 2022) ........................................................................8

*Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010)...........................................................5, 6, 9

*U.S. Textiles, Inv. v. Anheuser-Busch Cos., Inc.*, 911 F.2d 1261 (7th Cir. 1990).........................15

*Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003)  ...........................................19, 20

*Walden v. Fiore,* 571 U.S. 277 (2014) ...............................................................................5, 6, 7

*Williams v. United States Postal Serv.*, 873 F.2d 1069 (7th Cir. 1989)............................................23

## STATE CASES

*Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Vill. Sq.
Venture Partners*, 52 Cal.App.4th 867 (1997)  ..................................................................14

*Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal.App.4th 793 (2015)...............................22

*Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106 (2009)..................................21

*Cabral v. Martins,* 177 Cal.App.4th 471 (2009) ...........................................................18, 21

*Callahan v. Gibson, Dunn & Crutcher LLP,* 194 Cal.App.4th 557 (2011)....................................16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163 (1999) ) ................12

*Church of Scientology v. Wollersheim,* 42 Cal.App.4th 628 (1996)........................................21, 22

*Colmar, Ltd. Fremantlemedia N. Am., Inc.*, 344 Ill.App.3d 977 (2003)  ................................13

*Contreras v. Dowling,* 5 Cal.App.5th 394 (2016)..................................................................22

*Cortese v. Sherwood,* 26 Cal.App.5th 445 (2018) .............................................................17

*Crichton v. Golden Rule Ins. Co.*, 358 Ill.App.3d 1137 (2005)  ...........................................13

*Dove Audio v. Rosenfeld Meyer & Susman,* 47 Cal.App.4th 777 (1996).....................................22

*Employers Ins. of Wausau v. Ehlco Liquidating Trust,* 309 Ill.App.3d 730 (1999) )....................15

*Equilon Enters., LLC v. Consumer Cause, Inc.,* 29 Cal.4th 53 (2002)........................................20

*Evans v. Pillsbury Madison & Sutro,* 65 Cal.App.4th 599 (1998) .................................................17

*Friedman v. Knecht,* 248 Cal.App.2d 455 (1967) ................................................................14

*Herterich v. Peltner,* 20 Cal.App.5th 1132 (2018)..................................................................16

*In re Discipio*, 163 Ill.2d 515 (1994) ...................................................................................13

iii

*In re Kuta*, 86 Ill.2d 154 (1981) ..................................................................................... 13

*In re Marriage of Newton*, 2011 IL App (1st) 090683 ...................................................... 13

*Klotz v. Milbank, Tweed, Hadley & McCloy*, 238 Cal.App.4th 1339 (2015) ................................. 17

*Kurczaba v. Pollock*, 318 Ill.App.3d 686 (2000) ............................................................. 14

*Ludwig v. Superior Court*, 37 Cal.App.4th 8 (1995) .......................................................... 21

*Mergenthaler Linotype Co. v. Leonard Storch Enters., Inc.*, 66 Ill.App.3d 789 (1978) ............... 10

*Morris v. Margulis*, 197 Ill.2d 28 (2001) ..................................................................... 16

*O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152 ......................................................... 14

*Podvinec v. Popov*, 168 Ill.2d 130 (1995) ..................................................................... 15

*Pollock v. University of Southern California*, 112 Cal.App.4th 1416 (2003) .............................. 14

*Power Dry of Chicago, Inc. v. Bean*, 2022 IL App (2d) 210043 ............................................... 14

*Rohde v. Wolfe*, 154 Cal.App.4th 28 (2007) .................................................................... 20

*Rusheen v. Cohen*, 37 Cal.4th 1048 (2006) ..................................................................... 21

*Silberg v. Anderson*, 50 Cal.3d 205 (1990) .................................................................... 14

*Smith v. Hatch*, 271 Cal.App.2d 39 (1969) ..................................................................... 14

*State Farm General Ins. Co. v. Majorino*, 99 Cal.4th 974 (2002) ........................................... 18

*Trinity Risk Mgmt., LLC v. Simplified Labor Staffing Sols., Inc.*,
59 Cal.App.5th 995 (2021) ................................................................................. 18, 21

*Tuchscher Development Enterprises, Inc. v.*
*San Diego Unified Port District*, 106 Cal.App.4th 1219 (2003) .............................................. 22

*Vafi v. McCloskey*, 193 Cal.App.4th 874 (2011) ............................................................... 16

*Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180 (2005) ........................................... 18

*Wilcox v. Superior Court*, 27 Cal.App.4th 809 (1994) ........................................................ 18

*Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811 (2002) .............................................. 22

## **FEDERAL STATUTES**

Defend Trade Secrets Act, 18 U.S.C. §1836(b)(1) ................................................................ 11

Defend Trade Secrets Act, 18 U.S.C. §1839(3) .................................................................. 11

Defend Trade Secrets Act, 18 U.S.C. §1839(5) .................................................................. 12

Federal Rules of Civil Procedure, Rule 4(k)(1)(A) .............................................................. 4

Federal Rules of Civil Procedure, Rule 12(b)(2) ......................................................... 1, 3, 23

Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................... 1, 10, 23

## **STATE STATUTES**

California Business & Professions Code, §1700 ........................................................12

California Civil Code §47........................................................................................14

California Civil Code §1714.10 ....................................................................... 10, 17, 22

California Code of Civil Procedure §340.6 .........................................................10, 15, 16, 22

California Code of Civil Procedure §425.16 ....................................................... 2, 18-20, 21

Illinois Code of Civil Procedure, 735 ILCS 5/2-209(c) ................................................4

Illinois Code of Civil Procedure, 735 ILCS 5/13-210 ...............................................15

Illinois Code of Civil Procedure, 735 ILCS 5/13-214.3(b) ................................... 15, 16

Illinois Citizen Participation Act, 735 ILCS 110/1 *et seq*. ...........................................18

Illinois Supreme Court Rule 764(b) ......................................................................13

## **SECONDARY AUTHORITY**

Restatement (Second) of Torts §586 (1977).............................................................14

NOW COMES Defendant, David M. Zeff ("Zeff"), by his attorney, David M. Jenkins of The Jenkins Law Group, P.C., and hereby submits this Memorandum of Law in Support of his Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

The present case concerns alleged actions taken by a California attorney (Zeff) while representing a California resident to collect two California judgments that were entered against a California litigant who has since relocated to Arizona (Plaintiff herein). More specifically, Defendant Zeff is a California citizen who resides and practiced law in that State. Zeff served as one of the attorneys for Defendant Frederick C. Fiechter IV ("Fiechter") in connection with Fiechter's attempts to collect two judgments he obtained against Plaintiff in California. Plaintiff alleges that Defendant Robert J. Block ("Block"), who allegedly worked for Plaintiff in a paralegal capacity, made an offer to one of Fiechter's other attorneys to sell him information about Plaintiff's assets and prospects. Plaintiff alleges that this other attorney then put Block in contact with Zeff and that Block then provided Zeff with information about certain collections actions being pursued by Plaintiff as well as other potential assets, for which Block was allegedly paid $1,234. This transaction serves as the basis for all the claims in Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint should be dismissed for several reasons.[1] First, Zeff has not had sufficient contact with the State of Illinois to permit this Court to exercise personal jurisdiction over him. Zeff has no significant, persistent contacts with Illinois; he initiated no action directed at Illinois; and he did not purposefully seek to avail himself of the privileges of doing business in Illinois. Second, Plaintiff fails to state a claim for which relief can be granted with respect to all causes of action attempted, and the state law claims are also barred based on the

---

[1] All of these grounds for dismissal are equally compelling as to Defendants Fiechter and Michelle Knutson.

attorney litigation privilege, the statute of limitations, and California statutes. Third, California's anti-SLAPP[2] statute, California Code of Civil Procedure §425.16, bars Plaintiff's state law claims as they are premised on attorney Zeff's protected litigation conduct against Plaintiff.

## BACKGROUND FACTS

Zeff is a retired attorney who resides in, and practiced law in, California. (ECF 13, ¶2; Declaration of David M. Zeff, attached hereto as Ex. A, at ¶¶1-2). Zeff never maintained any presence in Illinois, and never practiced law or otherwise conducted regular business there. (Ex. A, ¶¶3-13). Zeff represented Defendant Fiechter in connection with California collection actions where he sought to collect two unsatisfied judgments against Plaintiff in California—a judgment of $1.3 million entered in 2011, and a judgement of nearly $1.5 million entered in 2015. (*Id.*, ¶¶14-17; *see also* ECF 13, ¶4 & p.10).

According to the Amended Complaint, Plaintiff is an Arizona resident. (ECF 13, ¶¶1, 20). He also is, in fact, a vexatious litigant who uses legal process to harass—he was declared a vexatious litigant by the San Francisco Superior Court pursuant to Section 391 of the California Code of Civil Procedure for abuse of process and harassing litigation. (*See* California Vexatious Litigant List excerpt, retrieved December 7, 2022, which is Ex. A-8 to Zeff's Declaration).[3]

Plaintiff alleges he hired Block, a disbarred Illinois attorney, in 2017 to provide paralegal services in support of his efforts to prosecute unspecified collections actions. (ECF 13, ¶¶57-59, 65-68). Plaintiff alleges that this strategy of prosecuting litigation *pro se* with the use of a legal ghostwriter constituted a proprietary litigation strategy for commercial debt collection. (*Id.*, ¶67). Plaintiff alleges that, on or about January 27, 2019, Block had a conversation with Defendant Robert N. Weaver ("Weaver") in which Block offered to sell to Fiechter and his attorneys

---

[2] The acronym for "strategic litigation against public participation."
[3] Plaintiff has filed no less than fifty-three cases in federal and state courts throughout the country since January 2021. (A list of cases filed by Plaintiff within the last five years is attached as Ex. A-9).

"confidential and privileged information" about Plaintiff, and that Weaver introduced Block to Zeff. (*Id.*, ¶¶69-70). Plaintiff then alleges Zeff paid Block approximately $1,234 in exchange for information on Plaintiff's financial assets and prospects. (*Id.*, ¶¶74, 78). This information was allegedly obtained to further Zeff's efforts to collect Plaintiff's debt in California, and Plaintiff further alleges this was undertaken to acquire Plaintiff's allegedly proprietary litigation strategy as a commercial debt collector.  (*Id.*, ¶¶79, 80, 82).

Block had actually contacted a different member of Fiechter's legal team, an attorney named Craig K. Welch ("Welch"), not Weaver. (Ex. A, ¶21; *see also* Ex. A-3 [Welch Declaration], ¶¶6-8; ECF 23, p.14, ¶15). Zeff eventually responded to that contact, initiated by Block, by calling him back. (Ex. A, ¶¶21-24; Ex. A-3). Zeff did not initiate or solicit the communication with Block. (Ex. A, ¶22). Zeff did not know where Block was located at the time. (*Id.*, ¶26). Zeff did communicate with Block by email and by telephone between January 2019 and August 2019, and he received information from Block relative to assets and income of Plaintiff. (*Id.*, ¶¶28-32). Zeff then used that information to support a Motion for Assignment and Charging Orders he filed in California to levy against Plaintiff in furtherance of collecting the judgments for his client, Fiechter. (*Id.*, ¶¶33-36; Ex. A-2). Zeff did not direct, target, or focus any of his collection efforts in Illinois; he did not seek out Illinois assets; and he did not seek information in Illinois regarding Plaintiff's assets. (Ex. A, ¶20). Zeff never travelled to Illinois and he filed no legal proceedings in Illinois to discover assets of Plaintiff. (*Id.*, ¶¶20, 37).

## **ARGUMENT**

## I.   **PLAINTIFF CANNOT ESTABLISH ANY BASIS TO ASSERT PERSONAL JURISDICTION OVER DEFENDANT ZEFF IN ILLINOIS.**

Plaintiff's claims against Zeff should be dismissed for lack of personal jurisdiction. When a defendant challenges personal jurisdiction under Rule 12(b)(2), the burden shifts to the plaintiff

to establish jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When facts are disputed, the plaintiff must prove jurisdiction exists by a preponderance of the evidence, and the facts in the complaint are not accepted as true. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Purdue*, 338 F.3d at 783.

Plaintiff alleges jurisdiction based on a federal question under the Defend Trade Secrets Act and diversity of citizenship. (ECF 13, ¶¶12, 43, 48). Because the Defend Trade Secrets Act does not authorize nationwide service of process (*Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F.Supp.3d 691, 706 (N.D. Ill. 2017)), personal jurisdiction is governed by Illinois law, the state in which this district sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's due process clause, so there is no operative difference between federal and state constitutional personal jurisdiction limits. *See* 735 ILCS 5/2-209(c); *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2014). Here, that means this Court may exercise jurisdiction only if Zeff has made "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be either general or specific. A court may exercise general jurisdiction if the defendant's contacts with the forum state are "so continuous and systemic as to render them essentially at home" there, even if the lawsuit has no relationship to the defendant's contacts to that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In contrast, specific jurisdiction only allows courts to hear lawsuits where the defendant's contacts with the forum state give rise to the plaintiff's claims. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 395 (7th Cir. 2020). The requisite connection to the forum must arise from the defendant's conduct so that the defendant would anticipate being hauled into court there; personal jurisdiction cannot be

4

based solely on the defendant's relationship to the plaintiff or the plaintiff's unilateral activities, but depends on whether the defendant purposefully directed contacts at the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see Walden v. Fiore*, 571 U.S. 277, 284-85 (2014).

Plaintiff's Amended Complaint fails to establish a *prima facie* case for this Court's exercise of personal jurisdiction over Zeff, whether general or specific. Moreover, as set forth in Zeff's Declaration, there is no basis to exercise personal jurisdiction over Zeff. As a result, Plaintiff's claims against Zeff should be dismissed for lack of personal jurisdiction over Zeff.

### A. Plaintiff Cannot Establish General Personal Jurisdiction In Illinois.

The threshold for general jurisdiction is "high" and "demanding." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). General personal jurisdiction exists only "when the [party's] affiliations with the State . . . are so constant and pervasive as to render it essentially at home in the forum State." *Kipp*, 783. F.3d at 697-98 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)). "[T]the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701.

Zeff has no persistent contacts with Illinois, nor has plaintiff alleged any. Zeff is a California citizen who resides and practiced law in California. (Ex. A, ¶¶1-3). Plaintiff does not dispute this. (ECF 13, ¶4). Zeff has no affiliation or connection with Illinois whatsoever; he has no assets or office in Illinois, he does not advertise in Illinois, he does not travel to Illinois, and he has no general connection with Illinois at all. (*See* Ex. A, ¶¶1-13). Zeff therefore lacks sufficient contacts with Illinois to establish general personal jurisdiction.

### B. Zeff Did Not Purposefully Direct Conduct Towards Illinois Which Gave Rise To Plaintiff's Alleged Injury And The Exercise Of Jurisdiction Would Violate Notions Of Fair Play And Substantial Justice.

To make a *prima facie* case of specific personal jurisdiction, a plaintiff must adequately allege three elements: "(1) the defendant must have purposefully availed himself of the privilege of

conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012); *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). In the context of allegedly intentional tortious conduct, such as what Plaintiff attempts to allege in the present case, Plaintiff must plead and prove the defendant engaged in intentional conduct expressly aimed at the forum state with "knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo*, 601 F.3d at 702 (applying *Calder v. Jones*, 465 U.S. 783, 788 (1984)). The defendant's conduct with the forum state must be what "give rise to the liabilities sued on" and those contacts must be "continuous and systematic." *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014).

"[T]he relationship among the defendant, the forum, and the litigation must arise out of the contacts that the 'defendant *himself*' creates with the forum state, and [] the defendant will not be 'haled into a jurisdiction solely as a result of . . . the unilateral activity of another party or third person,' rather, there must be some 'purposeful availment' by the defendant." *Curry*, 949 F.3d at 396 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). "The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being haled into court there is the crucial inquiry." *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 203 F.3d 934, 943 (7th Cir. 2000) (citation and quotations omitted).

Significantly, it is the defendant who must create the relevant contact in the forum state, and those contacts must be "with the forum State itself, not ... with persons who reside there." *Walden* 571 U.S. at 284) ("Due process requires that a defendant be haled into court in a forum State based

on his own affiliation with the State, *not* based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State") (quoting *Burger King*, 471 U.S. at 475). The defendant's suit-related conduct must create a <u>substantial</u> connection with the forum State. *Walden*, 571 U.S. 277 at 284 (emphasis added).

In this case, "random," "fortuitous" and "attenuated" contacts are all Plaintiff can allege. Plaintiff has not alleged any conduct initiated by Zeff directed towards Illinois such that it would be reasonable for him to anticipate being haled into court there. At best for Plaintiff, Zeff made contact with a person who, fortuitously, was an Illinois resident during Zeff's attempts to represent his California client in California courts. Even if Plaintiff's erroneous allegations were considered, Zeff was introduced to Block from another attorney, and Block supposedly made an unsolicited offer to provide information about Plaintiff to Fiechter's attorneys. (ECF 13, ¶¶69-78). Any acceptance of that offer would have occurred in California, not Illinois. None of Plaintiff's allegations show conduct undertaken by Zeff directed toward Illinois.

Zeff's Declaration confirms he did not direct actions to Illinois. (Ex. A). Zeff did not direct, target, or focus any of his collection efforts in Illinois; he did not seek out Illinois assets; and he did not seek information in Illinois regarding Plaintiff's assets. Zeff never travelled to Illinois and filed no legal proceedings in Illinois to discover assets of Plaintiff. He communicated with one person (Block) who happened to be an Illinois resident, but that was only in response to Block's reaching out to Fiechter's legal team professing to have information about Plaintiff relevant for the collection of the California judgments. Zeff was not aware he was dealing with an Illinois resident during his early interactions with Block. (Ex. A, ¶26). Plaintiff cannot establish relevant contacts with Illinois based on such random, fortuitous, and attenuated circumstances, where he made no contact with the forum State itself. *See Walden*, 571 U.S. at 284 ("a defendant's relationship with a plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction").

Further, Plaintiff fails to meet the second prong of this test. Simply put, Plaintiff's claims do not arise out of any conduct by Zeff expressly aimed at Plaintiff in Illinois. Instead, his claims arise from activities of an unrelated third party who shared information that was used in California to enforce two California judgments. Per Plaintiff's own admissions, the information from Block was used in California legal proceedings to collect on Fiechter's judgment and to levy Plaintiff's PayPal account in the furtherance California collections actions. (ECF ¶¶13, 80, 82). These efforts did not have any relationship with Illinois or cause injuries specific to Illinois. To the extent Plaintiff claims there was some vague and ambiguous attempt to obtain Plaintiff's allegedly proprietary litigation strategy as a commercial debt collector (*Id.*, ¶79), such an attempt to acquire Plaintiff's nationally applicable collection strategy would likewise not be an activity that has any relationship with Illinois or injuries specific to Illinois. *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F.Supp.2d 1000, 1016 n.6 (N.D. Ill. 2009) ("where factual assertions amount only to vague generalizations or unsupported allegations, they are not enough to support personal jurisdiction"). Notably, Plaintiff does not identify any injury he could said to have sustained himself in Illinois.

Finally, the exercise of personal jurisdiction over Zeff would offend traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316. Again, Zeff was a California attorney who did not do business in Illinois or have any other connection with Illinois. These facts, combined with the non-existent and/or attenuated alleged suit-related contacts, compel the conclusion that Zeff could not have reasonably anticipated being sued in Illinois. *See Switchboard Apparatus, Inc. v. Wolfram*, 21 C 1665, 2022 WL 1591732, at *9-10 (N.D. Ill. May 19, 2022).

To evaluate whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice, courts consider may factors, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in obtaining the

most efficient resolution of controversies. *Tamburo*, 601 F.3d at 709. None of these factors favor the exercise of personal jurisdiction.

Zeff, a California resident, would suffer a substantial burden having to litigate far away in Illinois. *See Labtest Intern., Inc. v. Centre Testing Intern. Corp.*, 766 F.Supp.2d 854, 864 (N.D. Ill. 2011). That burden substantially outweighs any benefit that could be said to exist by providing Plaintiff an Illinois forum, especially considering that the present case does not involve an Illinois plaintiff seeking redress for injuries sustained in Illinois. *See Horizon Matrix, LLC v. Whalehaven Capital Fund, Ltd.*, No. 11 C 2655, 2012 WL 379601, at *5 (N.D. Ill. Feb. 3, 2012) (noting that "Illinois does have a strong interest in providing a forum for its residents and local businesses to seek redress for tort injuries," but dismissing for lack of personal jurisdiction because "Defendants could not reasonably anticipate being haled into court" in Illinois).

Illinois has no interest in adjudicating this case between residents of different states which involves conduct that almost exclusively occurred outside of Illinois. Litigating the present dispute in Illinois will not further any interest of Plaintiff in obtaining convenient and effective relief, and will not advance the judicial system's interest in obtaining the most efficient resolution of controversies. Indeed, it would be unreasonable and unfair for this court to exercise personal jurisdiction over Zeff based on a few emails and telephone conversations with an Illinois resident, fortuitously, particularly because Zeff was acting as a California attorney to represent a California client who responded to a phone call from someone who happened to be an Illinois resident who purported to have information in furtherance of the California collection efforts. See *New World Int'l, Inc. v. Ford Global Tech., LLC*, 859 F.3d 1032, 1043 (7th Cir. 2017) (three cease-and-desist letters and ancillary communications directed to Illinois insufficient to establish personal jurisdiction); *LKQ Corp. v. Kia Am., Inc.*, 21 C 3166, 2022 WL 1092119, at *5 (N.D. Ill. Apr. 12, 2022) (cease-and-desist letter and other communications to Illinois company insufficient).

## II.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST ZEFF.

Plaintiff's Amended Complaint also should be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff attempts to bring a claim under the federal Defend Trade Secrets Act ("DTSA") in Count I, and asserts various state law theories in Counts III-V relative to Zeff's alleged acquisition of information pertaining to Plaintiff's litigation strategy and other assets from Block. Relative to the state law claims, California law applies. Illinois follows the "most significant contacts" test in resolving conflicts of law. *Auto Owners Ins. Co. v. Websolv Computing, Inc*., 580 F.3d 543, 547 (7th Cir. 2009). Generally, when a plaintiff claims the appropriation of allegedly proprietary information or trade secrets, the courts will apply the law of the state where the defendant used the information or enjoyed its benefit; that is the principal place of the defendant's business. *See Mergenthaler Linotype Co. v. Leonard Storch Enters., Inc*., 66 Ill.App.3d 789, 803 (1978). Because Zeff's alleged conduct and use of the information obtained from Block occurred exclusively in California, that State has the most significant contact for the state law claims.

As detailed below, Plaintiff's claims against Zeff fail as a matter of law on at least four independent grounds: (1) Plaintiff fails to allege a legally cognizable claim under any of the four theories attempted; (2) the litigation privilege serves as an absolute bar to all of Plaintiff's state law claims; (3) Plaintiff's state law claims are barred by the one-year statute of limitations in Cal. Code of Civil Procedure §340.6; and (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code §1714.10 relating to claim alleging an attorney's supposed conspiracy with a client.

### A.     *Counts I Through V Fail To Allege A Viable Claim Against Zeff.*

#### 1.     Count I Fails To State A Defend Trade Secrets Act Claim.

Plaintiff's Count I fails to state a claim under the DTSA. A complaint should be dismissed if it offers no more than "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's factual allegations must be enough to raise a right to relief above a speculative level. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The DTSA allows an owner of a trade secret that is misappropriated to bring a civil action "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). To prevail on a claim for misappropriation under the DTSA, a plaintiff must show that: (1) the information at issue was a trade secret (that is, not generally known in the industry); (2) that it was misappropriated (that is, stolen from it rather than obtained from a third source); and (3) it was actually used in the defendant's business. *Abrasic 90, Inc. v. Weldcote Metals, Inc*., 364 F.Supp.3d 888, 896-97 (N.D. Ill. 2019) (citing *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265-66 (7th Cir. 1992)). At a minimum, a plaintiff must show the information at issue was sufficiently secret to impart economic value because of its relative secrecy, and that defendant made "reasonable efforts" to maintain its secrecy. *Id*.; 18 U.S.C. §1839(3). Information does not qualify as a trade secret if it is generally known or understood within an industry even if not to the public at large. *Id*.

Plaintiff does not allege the existence of a secret related to any product or service intended for use in interstate commerce. Plaintiff does not even describe in general terms the nature of the information or the efforts to maintain its confidentiality, and he does not identify any information related to any product or service. He fails to do more than just point to broad areas of information and assert that something there must have been secret and misappropriated; he fails to show "concrete secrets" so as to state a claim. *See Carpenter v. Aspen Search Advisors, LLC*, 10 C 6823, 2011 WL 1297733, at *3 (N.D. Ill. Apr. 5, 2011). Indeed, what Plaintiff does describe is information related to his personal banking, investments, employment, "personal life," and similar

11

matters relevant to collection of a judgment against him. (ECF 13, ¶78(a)-(q)). Merely labeling information as "confidential" or a "trade secret" does not make it so.

Likewise, Plaintiff does not sufficiently allege the information was obtained by improper means so as to establish "misappropriation." 18 U.S. §1839(5). Plaintiff does not demonstrate wrongdoing in anything other than conclusory terms, such as conclusory allegations of "bribes" and breach of confidentiality between Plaintiff and Block. To the extent Plaintiff claims he has some secret litigation strategy relevant for debt collectors (*i.e..,* using ghost writers), Plaintiff does not allege that Zeff (an attorney) somehow used this information for his own business; rather, Plaintiff admits the information was used in furtherance of efforts to collect Fiechter's judgments and to levy on Plaintiff's assets. (ECF 13, ¶¶80, 82). Count I should therefore be dismissed.

### 2. Count V Fails To State An Unfair Competition Claim.

Count V purports to allege a claim for "unfair competition," citing California Business & Professions §17200 and/or Illinois common law. Generally stated, Section 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §1700; *Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1048 (9th Cir. 2000). To fall within the "unfair" prong of section 17200 (*e.g.,* absent unlawful or fraudulent conduct), a plaintiff must show the defendant's practice "significantly threatened or harmed competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 186-87 (1999).

Plaintiff alleges the defendants' acts of "commercially bribing" Block to obtain the details of Plaintiff's "Litigation Strategy" was a deceptive act "directed at a competitor." (ECF 13, ¶132). Yet, there was no competition between Plaintiff and Zeff as a matter of law. Zeff was an attorney practicing law. Plaintiff is not an attorney, and he cannot represent clients in collection proceedings. Plaintiff does not even allege that he is a debt collector in the business of collecting

third-party debits; he claims only to be a person using his so-called litigation strategy for his own benefit. Merely labeling Zeff's actions as "directed at a competitor," and merely asserting that payments were "bribes," does not make them so.

### 3. Counts III and IV Fail Because Block Was A Disbarred Lawyer.

Count III (aiding and abetting breach of fiduciary duty) and Count IV (tortious interference with contract) are both premised on a supposed fiduciary, confidential, or contractual relationship between Plaintiff and Block, a disbarred Illinois lawyer. What Plaintiff describes is a disbarred lawyer illegally practicing law without a license by assisting Plaintiff with legal writing and lawsuits. A disbarred attorney is prohibited from working in a paralegal capacity in Illinois. *In re Discipio*, 163 Ill.2d 515, 526-27 (1994); *In re Kuta*, 86 Ill.2d 154, 161 (1981); *see* Ill. S. Ct. R. 764(b) ("Upon entry of the final order of discipline, the disciplined attorney shall not maintain a presence or occupy an office where the practice of law is conducted" and "shall . . . cause the removal of any indicia of the disciplined attorney as lawyer, *counselor at law, legal assistant, legal clerk, or similar title*") (emphasis added). Likewise, any contractual relationship between Plaintiff and Block for such legal services would be illegal, void *ab initio*, and unenforceable. *In re Marriage of Newton*, 2011 IL App (1st) 090683, ¶¶39, 54 (contracts in violation of Code of Professional Conduct are void *ab initio* as against public policy and treated as they never existed).

Relative to Count III, therefore, because Block was prohibited from practicing law or working as a paralegal, there could be no fiduciary relationship between Plaintiff and Block so as to support a claim for aiding and abetting an alleged breach. The mere fact that a contractual relationship existed between them is insufficient to warrant the finding of a fiduciary relationship. *See Crichton v. Golden Rule Ins. Co.*, 358 Ill.App.3d 1137, 1149 (2005); *Colmar, Ltd. Fremantlemedia N. Am., Inc.*, 344 Ill.App.3d 977, 994 (2003); *Cork v. CC-Palo Alto, Inc.*, 534 F.Supp.3d 1156, 1178 (N.D. Cal. 2021) (California law). Regarding Count IV, Plaintiff's claim

must fail because there was no valid and enforceable contract in existence between Plaintiff and Block. *See Power Dry of Chicago, Inc. v. Bean*, 2022 IL App (2d) 210043 ¶52 (no interference claim can be stated where there is no enforceable contract in existence between the plaintiff and the third party that the plaintiff claimed to have been breached); *Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Vill. Sq. Venture Partners*, 52 Cal.App.4th 867, 879 (1997) (same).

> **B.**   *The Litigation Privilege Serves As An Absolute Bar To Plaintiff's Claims.*

California recognizes that communications and publications made in connection with judicial proceedings are absolutely privileged. Cal. Civ. Code §47. California's privilege affords litigants and witnesses unfettered access to the court without fear of being harassed by derivative tort actions. *Silberg v. Anderson*, 50 Cal.3d 205 (1990). The privilege is given broad application and applies to any communication, whether or not it amounts to publication, and applies to all torts except malicious prosecution. *Id*. at 211-212; *Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 900 (E.D. Cal. 2006). Any doubt as to the application of the litigation privilege should be resolved in the defendant's favor. *Friedman v. Knecht*, 248 Cal.App.2d 455 (1967).[4]

The litigation privilege requires dismissal of Plaintiff's claims in Counts III through V here. Zeff's communications with Block were made in connection with judicial proceedings and related to his efforts to seek a Charging Order in court. *See Smith v. Hatch*, 271 Cal.App.2d 39, 46 (1969) (to be privileged, "the matter need not be relevant, pertinent or material to any issue before the court[;] it only needs to have some connection or some relation to the judicial proceeding"). In *Pollock v. University of So. Cal.*, 112 Cal.App.4th 1416, 1430 (2003), the court held that a party's

---

[4] Illinois also recognizes an absolute privilege covering attorney communications "preliminary to a proposed judicial proceeding, or in the institution of, or during the course of and as part of, a judicial proceeding in which he participates as counsel ...." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶24 (quoting Restatement (Second) of Torts §586 (1977)). The Illinois privilege applies to communications made before, during, and after litigation, and extends beyond defamation claims. *Id*. at ¶¶24-27; *see also Kurczaba v. Pollock*, 318 Ill.App.3d 686, 701-02 (2000) (the privilege is intended to provide attorneys with "the utmost freedom in their efforts to secure justice for their clients").

perjurious declaration and personal e-mails were within the scope of the litigation privilege because they related to potential and actual litigation, despite the plaintiff's contention that both communications were tortious. *See also Herterich v. Peltner*, 20 Cal.App.5th 1132, 1142 (2018) (court noted that even committing a fraud upon the court was protected by litigation privilege).

While Plaintiff's allegations concerning the purpose of Zeff's communications are not true, it is ultimately immaterial because the litigation privilege applies to Zeff's communications as a matter of law. Notably, the lawsuits Plaintiff is pursuing to collect money from others constitutes an asset against which Zeff's client, Fiechter, can levy and obtain through post-judgment collection proceedings. *See, e.g., Podvinec v. Popov*, 168 Ill.2d 130 (1995) (recognizing the right of judgment creditors to enforce judicial liens on pending litigation brought by judgment debtors). Plaintiff's unabashed attempt to hold Zeff liable for merely representing his client in a judicial proceeding is precisely the type of claim barred by California's (and Illinois') litigation privilege.

## C. *Plaintiff's Claims Are Barred By The Statute Of Limitations.*

Plaintiff's state-law claims are barred by California's one-year statute of limitations for claims against attorneys (Cal. Code. Civ. Pr. §340.6(a)) and, alternatively, by Illinois' two-year limitations (735 ILCS 5/13-214.3(b)). The choice of law of the forum controls the question of what limitations period applies in diversity cases. *U.S. Textiles, Inv. v. Anheuser-Busch Cos., Inc.*, 911 F.2d 1261, 1269-70 (7th Cir. 1990). Illinois has a "borrowing statute" that applies when there is a shorter limitation period applicable under the law of a State in which the cause of action arose. *Id.*; 735 ILCS 5/13-210. The Illinois borrowing statute applies if (1) the cause of action arises in another state, (2) the other state's statute of limitations is shorter than the Illinois period, and (3) none of the parties reside in Illinois. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 309 Ill.App.3d 730, 737 (1999). California's one-year limitations period therefore governs here

because, again, Plaintiff's causes of action arise out of actions allegedly taken by Zeff in California, neither Plaintiff nor Zeff reside in Illinois, and California has the shorter limitations provision.

Section 340.6, subdivision (a), of the California Code of Civil Procedure provides that any action against an attorney alleging a wrongful act or omission arising in the performance of professional services must be commenced within one year after the plaintiff discovers, or should have discovered, the facts giving rise to the wrongful act or omission. Cal. Code. Civ. Pr. §340.6(a).[5] Section 340.6 applies to all actions, except those for actual fraud, brought against an attorney. *Vafi v. McCloskey*, 193 Cal.App.4th 874, 881, 882-83 (2011); *Callahan v. Gibson, Dunn & Crutcher, LLP*, 194 Cal.App.4th 557, 567 n.5 (2011).

Plaintiff's claims concern Zeff's alleged contact with Block and receipt of information pertaining to Plaintiff's assets between January and August 2019. "Attachment 4" to Plaintiff's Amended Complaint is an August 17, 2019 email from Block to Plaintiff which disclosed to Plaintiff pertinent communications between Block and Zeff upon which Plaintiff bases his claims. (ECF 13, p.48). Additionally, on August 16, 2019, Plaintiff sent an email to Zeff complaining specifically that Zeff's contacts with Block had induced a breach of fiduciary duty and he made a demand for settlement for the alleged harm done to him. (Ex. A-6). A Charging Order was entered against Plaintiff on November 18, 2019, after proper notice to Plaintiff, based on the information obtained from Block. (Ex. A-5 & A.-2). This court can take judicial notice of public court records on a motion to dismiss. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (1994). As such, Plaintiff had discovered the facts giving rise to his claim at least by August 2019, if not before. Plaintiff initially filed the present suit in Illinois state court in January 2022 (before abandoning it when his petition to proceed *in forma pauperis* was denied), more than two-years after he discovered the

---

[5] Illinois's two-year statute of limitations also incorporates the discovery rule. 735 ILCS 5/13-214.3(b); *Morris v. Margulis*, 197 Ill.2d 28, 35-36 (2001).

facts forming the basis of his claim and his alleged injury. (*See* Docket for Case No. 2022 L 000005, attached as Ex. A-7). He then filed in this court on February 8, 2022. [ECF 1]. Plaintiff's claims are therefore barred because they were filed after the statute of limitations expired.

### D. Plaintiff's Claims Are Barred By California Code Section 1714.10.

California Civil Code §1714.10 prohibits the filing of a claim alleging a conspiracy between an attorney and his or her client arising from any attempt to contest or compromise a claim or dispute that is based upon the attorney's representation of a client, absent a pre-filing order of court allowing the pleading to be filed. A plaintiff must obtain a pre-filing determination by the court, supported by verified pleadings and affidavits, that the plaintiff "has established that there is a reasonable probability that [he] will prevail in the action." Cal. Civ. Code §1714.10. Absent compliance, the pleading is defective and subject to dismissal. *Klotz v. Milbank, Tweed, Hadley & McCloy*, 238 Cal.App.4th 1339, 1352 (2015); *see also Evans v. Pillsbury Madison & Sutro*, 65 Cal.App.4th 599, 604 (1998) (section 1714.10 was designed to prevent frivolous, harassing claims alleging conspiracy absent reasonable foundation). Significantly, section 1714.10 is not limited to expressly-pled claims of "conspiracy," but applies to any allegation that an attorney jointly participated in wrongful conduct with a client. *See Cortese v. Sherwood*, 26 Cal.App.5th 445, 455 (2018) (section applies "without regard to the labels attached to the cause of action or whether the word 'conspiracy'—having no talismanic significance—appears in them").

Here, Plaintiff alleges Zeff allegedly conspired with his client relative to obtaining and paying for information related to the enforcement of an unsatisfied judgment his client has against Plaintiff. Plaintiff's claims fall squarely within the confines of the immunity provided under section 1714.10. Plaintiff's failure to comply with section 1714.10 requires dismissal of his suit.

III.    **PLAINTIFF'S STATE LAW CLAIMS AGAINST ZEFF IN COUNTS III THROUGH V ARE BARRED BY CALIFORNIA'S ANTI-SLAPP STATUTE.**

Finally, Plaintiff's state-law claims are subject to dismissal under California's anti-SLAPP statute, California Code of Civil Procedure §425.16, as they are premised on attorney Zeff's protected litigation conduct against Plaintiff. California enacted its anti-SLAPP statute to combat the use of lawsuits designed to chill "a party's constitutional right of petition" through suits brought to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. *State Farm Gen. Ins. Co. v. Majorino*, 99 Cal.4th 974, 975, 1126 (2002); *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 815-16 (1994). The point of the anti-SLAPP statute is to protect against a person being "dragged through the courts because [one has] exercised [one's] constitutional rights." *Varian Med. Sys., Inc. v. Delfino*, 35 Cal.4th 180, 193 (2005).

Claims premised upon the exercise of protected activity—here, Zeff's litigation conduct— fall under the purview of the anti-SLAPP statute. *Trinity Risk Mgmt., LLC v. Simplified Labor Staffing Sols., Inc.*, 59 Cal.App.5th 995 (2021); *Cabral v. Martins*, 177 Cal.App.4th 471, 480 (2009). Plaintiff seeks to hold attorney Zeff liable for actions taken in connection with his representation of his client in litigation adverse to Plaintiff, activity that is directly and unequivocally protected by California's anti-SLAPP statute. Plaintiff's attempt to chill Zeff's efforts to represent his client in court and to petition for relief should be rejected.

### A.    *California's Anti-SLAPP Statute Applies To Plaintiff's Claims In This Court.*

Although Illinois has its own anti-SLAPP statute (735 ILCS 110/1 *et seq*.), the substantive rights, privileges and immunities afforded Zeff under the California statute, as a California citizen, are applicable here under Illinois' choice-of-law analysis. In this regard, relative to the application of an anti-SLAPP statute, the law of the home state where the defendant engaged in the conduct applies to the question of whether he is immune from liability on the claims. *See Chi v. Loyola*

18

*Univ. Med. Ctr.*, 787 F.Supp.2d 797 (N.D. Ill. 2011) (applying Illinois' anti-SLAPP statute to Arizona plaintiff's defamation claim against Illinois citizen whose alleged defamatory speech originated in Illinois); *Global Relief Foundation v. New York Times Co.*, No. 01 C 8821, 2002 WL 31045394 (N.D. Ill. Sept. 11, 2002) (applying Illinois law to defamation claim, but applying California anti-SLAPP defense for California defendant because California had the interest in determining how much protection to give California speakers). Here, California has a strong interest in having its own anti-SLAPP statute applied to the issue of whether Zeff is immune from liability as a California citizen for litigation activities originating in and conducted in California.

Equally important, a defendant sued in federal court may raise the California anti-SLAPP statute as a defense by filing a motion to dismiss. *See Vess v. Ciba-Geigy Cop. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) ("Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court"); *Chi*, 787 F.Supp.2d at 808-09 (anti-SLAPP statutes are substantive under *Erie* and may be raised in Rule 12 motion to dismiss); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1129-30 (N.D. Cal. 1999) (California's anti-SLAPP statute applicable to state law counterclaims asserted in federal diversity action).

### B.    *Zeff Has Met His Burden Under California's Statute.*

Section 425.16 of California's anti-SLAPP statute sets forth the elements for a special motion to strike under that statute as follows:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of the determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be effected by that determination in any later stage of the case or in any subsequent proceeding.

Cal. Code Civ. Proc. §425.16(b). The statute is to be construed broadly. *Id*., §425.16(a).

The California Legislature has defined the activities protected by the anti-SLAPP statute, which includes "any written or oral statements *made before a legislative, executive, or judicial proceeding*, or any other official proceeding authorized by law" as well as "any written or oral statement or writing made *in connection with an issue under consideration or review by a legislative, executive, or judicial body*, or any other official proceeding authorized by law" or "any other conduct *in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech* in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc. §425.16(e)(1), (2) and (4) (emphasis added). As such, statements, writings, and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest. *Rohde v. Wolfe*, 154 Cal.App.4th 28, 35 (2007).

A defendant carries the initial burden to show that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech." Cal. Code Civ. Proc. §425.16; *Vess*, 317 F.3d at 1110. The defendant need not show that the suit was brought with the intention to chill the defendant's speech; "the plaintiff's 'intentions are ultimately beside the point.'" *Vess*, 317 F.3d at 1110 (quoting *Equilon Enters., LLC v. Consumer Cause, Inc*., 29 Cal.4th 53, 67 (2002).

Zeff has easily met his burden here. Plaintiff's claims relate to alleged written and oral communications Zeff allegedly made with Block in connection with judicial proceedings seeking to collect Fiechter's judgments. "[A]ll communicative acts performed by attorneys as part of their

20

representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." *Cabral*, 177 Cal.App.4th at 480; *see also Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006) (anti-SLAPP statute protects "communicative conduct such as the filing, funding, and prosecution of a civil actions," including such acts when "committed by attorneys in representing clients in litigation"). The "litigation activity" protected by the anti-SLAPP statute covers a broad range of conduct arising from litigation, and includes pre-suit activities and other communications in preparation for the prosecution of civil actions. *See Trinity*, 59 Cal.App.5th at 1005-06; *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 648 (1996); *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 19 (1995); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (2009) (statements protected under the litigation privilege (discussed above) are "equally entitled to the benefits of section 425.16").

In *Trinity, supra.*, for instance, the court found that e-mails sent by a staffing services company's owner to the senior vice president of an insurance consulting business, requesting documents and information related to the company's workers' compensation insurance policy and expressing concerns about potential fraud, constituted "communications made in anticipation of litigation" that were protected by the anti-SLAPP statute, justifying dismissal of the defendant's cross-claim for defamation. 59 Cal.App.5th at 1005. The court reasoned that the communications operated as an informal discovery requested made prior to the company's filing of a complaint. *Id*.

Here, Plaintiff's claims are premised wholly on Zeff's protected conduct, as Plaintiff seeks to impose liability on attorney Zeff for his obtaining information from a third-party concerning Plaintiff's assets, which information was used to pursue legal proceedings to levy on assets from which his client's two judgments could be satisfied. This conduct is prototypical protected conduct by the California statute. To the extent Plaintiff may attempt to argue that Zeff cannot be protected because his contact with Block was somehow wrongful, illegal, or unethical (which it was not),

21

Plaintiff's argument would be unavailing. As explained in *Contreras v. Dowling*, 5 Cal.App.5th 394, 414 (2016), "conduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage ... simply because it is alleged to have been unlawful or unethical." *See also Bergstein v. Stroock & Stroock & Lavan, LLP*, 236 Cal.App.4th 793, 805 (2015) (tortious activity "centered in defendants' role as counsel" was protected litigation activity).

### C.     *Plaintiff Cannot Establish A Reasonable Probability Of Success On His Claims.*

Plaintiff cannot establish a probability of prevailing on the merits so as to overcome Zeff's protected conduct and the dismissal of Plaintiff's suit under the anti-SLAPP statute. Once a defendant shows that a lawsuit arises from protected conduct, the burden shifts to the plaintiff to establish a probability that he will prevail on the claims asserted against the defendant. *Dove Audio v. Rosenfeld Mayer & Susman*, 47 Cal.App.4th 777, 784-85 (1996). The plaintiff must produce competent, admissible evidence supporting his claims. *Church of Scientology*, 42 Cal.App.4th at 658. In deciding the potential merits of a claim, the court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant. *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002).

As set forth in Section II above, Plaintiff's claims against Zeff fail as a matter of law on at least four independent grounds: (1) Plaintiff fails to allege a legally cognizable claim; (2) the litigation privilege serves as an absolute bar to Plaintiff's claims; (3) Plaintiff's claims are barred by the one-year statute of limitations in Cal. Code of Civil Procedure §340.6; and (4) Plaintiff failed to obtain pre-filing permission under Cal. Civil Code §1714.10 relating to claim alleging an attorney's supposed conspiracy with a client. As such, Plaintiff fails to present a legally sufficient complaint, let alone a complaint he can substantiate with evidence. *See Tuchscher Develop. Enters., Inc. v. San Diego Unified Port Dist.*, 106 Cal.App.4th 1219 (2003) (plaintiff must both "state and substantiate" a cause of action to survive an anti-SLAPP motion). Plaintiff's inability to

22

plead a cognizable claim demonstrates his inability to substantiate such a claim. Counts III through V should therefore be dismissed.

## **CONCLUSION**

For all of the above-stated reasons, Defendant David M. Zeff respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure without leave to amend. *See Williams v. United States Postal Serv.*, 873 F.2d 1069, 1072 (7th Cir. 1989) ("the district court does not abuse its discretion by refusing to grant leave to amend" if a plaintiff cannot "remedy the jurisdictional defects of a complaint"). Plaintiff is a vexatious litigant, as was declared by the San Francisco Superior Court. Consistent with that label, Plaintiff's claims against Zeff are that of a debtor using frivolous legal process to harass his creditor and the creditor's attorneys. Plaintiff's claims warrant dismissal with prejudice.

Respectfully submitted,

**DEFENDANT DAVID M. ZEFF,**

By:      /s/ David M. Jenkins
            One of His Attorneys

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I filed the attached ***Defendant David M. Zeff's Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction,*** using the Court's CM/ECF filing system, which will cause electronic notification of this filing to be sent to all counsel of record, on January 18, 2023.


By:    <u>/s/ David M. Jenkins</u>
              David M. Jenkins

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

24