UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00714 |
| | ) | |
| ROBERT J. BLOCK, DAVID M. ZEFF, FREDERICK C. FIECHTER IV, ROBERT N. WEAVER, MICHELLE KNUTSON, and NORA GIANNETTI, | ) ) ) ) | Honorable Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**JOINT REASSIGNMENT STATUS REPORT**

NOW COMES Plaintiff, Carl A. Wescott, *pro se*, and Defendant, David M. Zeff ("Zeff"), by his attorney, David M. Jenkins of The Jenkins Law Group, P.C., and hereby submit this Joint Reassignment Status Report as required by Docket Entries #44 and #49.

**1.     The Nature of the Case.**

    **a.     Identify the attorneys of record for each party, including the lead trial attorney.**

| | |
|---|---|
| Plaintiff Carl Wescott: | *Pro Se*. |
| Robert J. Block: | No appearance. |
| David M. Zeff: | David M. Jenkins (#6211230) The Jenkins Law Group, P.C. 135 S. LaSalle Street, Suite 2200 Chicago, IL 60603 |
| Frederick C. Fiechter, IV: | No appearance / Not served. |
| Robert N. Weaver: | Dismissed. |
| Michelle Knutson: | No appearance / Not served. |
| Nora Giannetti: | Dismissed. |

**b.     State the basis for federal jurisdiction.**

Plaintiff claims federal question jurisdiction for Count I under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1), and claims both diversity of citizenship and pendent jurisdiction relative to the state law claims in Counts II through V.

**c.     Describe the nature of the claims asserted in the operative complaint and any counterclaims, third-party claims, and any other claims.**

| | |
|---|---|
| Count I | "Violations of the Defend Trade Secrets Act / Conspiracy to Violate the Defend Trade Secrets Act" against all Defendants; |
| Count II | "Breach of Fiduciary Duty" against Block; |
| Count III | "Aiding and Abetting Fiduciary Breach" against Fiechter, Zeff, Weaver, Giannetti and Knutson; |
| Count IV | "Interference with Contract" against Fiechter, Zeff, Weaver, Knutson; and |
| Count V | "Unfair Competition" against Zeff, Weaver, Fiechter, and Knutson. |

Defendant's Statement of the Case: Plaintiff is a vexatious litigant who uses legal process to harass—he was declared a vexatious litigant by the San Francisco Superior Court pursuant to Section 391 of the California Code of Civil Procedure for abuse of process and harassing litigation. All of Plaintiff's claims in this case arise out of conduct that was privileged and protected by law. The claims arise out of alleged actions taken by Defendant Zeff, a California attorney (now retired), including his paralegal, Defendant Knutson, while representing a California resident, Defendant Fiechter, in their efforts to collect two California judgments that were entered against Plaintiff—a judgment of $1.3 million entered in 2011, and a judgement of nearly $1.5 million entered in 2015. Plaintiff alleges that Defendant Block, a disbarred Illinois attorney who allegedly worked for Plaintiff in a paralegal capacity, made an offer to one of Fiechter's other attorneys to sell him information about Plaintiff's assets and prospects, and that Defendant Zeff eventually was provided information about certain collections actions being pursued by Plaintiff as well as other potential assets, for which Block was allegedly paid a small sum of money. As admitted by Plaintiff, Defendant Zeff used information obtained from Block to support legal proceedings in California to collect the judgments against Plaintiff. This transaction serves as the basis for all the claims in Plaintiff's Amended Complaint.

**d.   State the major legal and factual issues in the case.**

- Whether there is a basis to assert personal jurisdiction over Defendants Zeff, Knutson and Fiechter.

- Whether Plaintiff's alleged litigation strategy constitutes a trade secret.

- Whether any action alleged in the Amended Complaint constitutes a misappropriation.

- Whether there is any competition between Plaintiff and Defendants and whether there was any use of information in commerce or business.

- Whether the litigation privilege bars Plaintiff's state law claims as they are premised on protected statements and conduct taken during the course of pending and anticipated legal proceedings.

- Whether the statute of limitations bars Plaintiff's state law claims.

- Whether California Civil Code §1714.10 bars Plaintiff's state law claims, as it prohibits the filing of a claim alleging a conspiracy between an attorney and his or her client absent a pre-filing order of court allowing the pleading to be filed.

- Whether a fiduciary relationship existed or, as a matter of law could have existed between Defendant Block, a disbarred attorney, and Plaintiff to support any claim for aiding and abetting a breach of fiduciary duty.

- Whether other privileges may apply to the alleged conduct.

- Whether Plaintiff's state-law claims are subject to dismissal under California's anti-SLAPP statute, California Code of Civil Procedure §425.16, as they are premised on protected litigation conduct taken against Plaintiff.

- Whether the case should be transferred to another forum based on *forum non conveniens*.

- Defendant Zeff respectfully reserves any other defenses, counter-claims and issues which may arise upon further consideration after his pending Motion to Dismiss is decided.

**e.   Describe the relief sought by the plaintiff (and counter-claimant and other claimants).**

Plaintiff seeks unspecified compensatory damages, penalties, and punitive and exemplary damages, plus costs of suit and attorney fees.

Defendant Zeff will seek sanctions and/or attorney fees against Plaintiff.

3

2. **Pending Motions and Case Plan.**

   a. **Important: state the status of service of process on each defendant.**

   | | |
   |---|---|
   | Robert J. Block: | Served 5/13/2022. |
   | David M. Zeff: | Served and appearance filed. Notice of voluntary dismissal filed as to Zeff on January 18, 2023. (Docket #50). |
   | Frederick C. Fiechter, IV: | Not served. No summons out for service. Notice of voluntary dismissal filed as to Fiechter on January 18, 2023. (Docket #50). |
   | Robert N. Weaver: | Accepted service. Dismissed. |
   | Michelle Knutson: | Not served. No summons out for service. Notice of voluntary dismissal filed as to Knutson on January 18, 2023. (Docket #50). |
   | Nora Giannetti: | Dismissed. |

   b. **Identify all pending motions, including the date the motion was filed and the briefing schedule.**

   - Defendant Zeff's Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to State a Claim, and Under the California Anti-SLAPP Statute (Document #47; filed 01/18/2023 – No briefing schedule set).

   - Defendant Zeff's Motion for Leave to File a Memorandum of Law in Excess of Fifteen Pages (Document #48; filed 01/18/2023 – No briefing schedule set).

   - Plaintiff filed a Notice of Voluntary Dismissal on January 18, 2023 (Docket #50).

   c. **A brief description of all substantive rulings that have been issued in the case.**

   NONE.

   d. **A brief description of any discovery that has been taken, any discovery that remains to be taken, and any discovery schedules that have been set.**

   NONE.

    **e.**     **If no discovery schedule has been set, submit a proposal for a discovery plan, including the following information:**

        i.     The general type of discovery needed;
        ii.     A date for Rule 26(a)(1) disclosures;
        iii.     A date to issue the first-set of written discovery requests;
        iv.     A fact discovery completion date;
        v.     If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or sum- maries for non-retained expert testimony); and
        vi.     A date for the filing of dispositive motions.

It is Defendant Zeff's position that no discovery schedule should be proposed at this time because Plaintiff filed a notice of voluntary dismissal, because Zeff is objecting to personal jurisdiction and because he has filed a motion to dismiss on the merits as to all counts. Moreover, the spirit of the California Anti-SLAPP statute is to stay discovery pending resolution of the special motion to strike under the statute.

    **f.**     **State whether a jury trial is requested and the probable length of trial.**

Plaintiff has demanded a jury trial. Defendant Zeff does not believe an estimated length of trial can be determined until it is known whether any claim survives the pending motion to dismiss.

    **g.**     **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

Defendant Zeff agrees to service of pleadings and other papers by electronic means under Fed.R.Civ.P. 5(b)(2)(E).

**3.**     **Consent to Proceed Before a Magistrate Judge.**

    **a.**     **State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment. The Court *strongly* encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.**

Respectfully, Defendant Zeff does not consent to proceed before a Magistrate Judge for all purposes.

## 4. Status of Settlement Discussions.

**a. State whether any settlement discussions have occurred;**
**b. Describe the status of any settlement discussions; and**
**c. Whether the parties request a settlement conference.**

No settlement discussions have occurred with Zeff. Defendant Zeff will not respond to what he calls "Plaintiff's extortion attempts" and will not entertain any settlement discussions. No settlement conference is requested by Zeff.

The Plaintiff has reached a settlement with Block. The Plaintiff has already filed a Notice of Settlement. It is Plaintiff's position that Block and the Plaintiff have been waiting for months for Zeff to respond to Block's request to tender to Zeff's carrier so that the carrier will respond under the duty to indemnify, or what he believes is more likely the duty to defend on behalf of Block.

Respectfully submitted,

| **DEFENDANT DAVID M. ZEFF,** | **PLAINTIFF CARL A. WESCOTT** |
|---|---|
| By:    /s/ David M. Jenkins<br>One of His Attorneys | By:    /s/ CAW<br>Pro Se |

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that I filed the attached ***Defendant David M. Zeff's Reassignment Status Report,*** using the Court's CM/ECF filing system, which will cause electronic notification of this filing to be sent to all parties who have appeared and/or counsel of record, on January 26, 2023.

By:    /s/ David M. Jenkins
        David M. Jenkins

David M. Jenkins (#6211230)
The Jenkins Law Group, P.C.
135 S. LaSalle Street, Suite 2200
Chicago, Illinois 60603
Ph: (312) 726-0666
Fax: (312) 264-0685
djenkins@thejenkinslawgroup.com